24950 Roth v. Armistice Capital Good morning. I'm Glenn Ostrager for the appellant with my colleague Josh Breitman. This is an action under Section 16B of the Exchange Act which subjects corporate insiders who engage in short swing trading to disgorgement of their profits. Defendant Armistice is a hedge fund and insider of nominal defendant Vaxart because it was a director by deputization on Vaxart's board through Boyd, its chief investment officer, and Maurer, its managing director, and therefore subject to Section 16B. In June 2019, Armistice entered into warrant amendment transactions with Vaxart that constitute the purchase of approximately 20 million shares of the company's common stock. Within three weeks, Armistice exercised its warrants and sold 20 million Vaxart shares in the marketplace and realized $87 million in short swing profits. This is exactly the kind of speculative abuse that Section 16B was designed to prevent. SEC Rule 16... Yes, yes, sir. That's true if you don't look at 16B-3. That's correct. Which approves these transactions if they are...exempts these transactions if they were approved by the board. That's correct. Everybody on the board knew who Boyd and Maurer was, right? They knew that they were interested representatives of Armistice. So the question presented is the SEC has, in their amicus briefs, has opined that first the rule extends to directors by deputization, provided, however, that the board is aware that it is engaged in a transaction with a director by deputization. I'm sorry? Provided the board is aware that it's engaged in a transaction with a director by deputization. So you have on the one... But the board knew who these people were. The board didn't think these people had wandered in off the street. They knew who they were, but Rule 16B-3D recognizes that there are gatekeeping functions to determine that a transaction is legitimate for corporate purposes, and the board has gatekeeping obligations to determine that the transaction is not a vehicle for the kind of speculative abuse... So can I ask, is this debate over formality really a question of whether or not the other board needed to know that they were acting as somebody's agent versus acting in somebody's interest? Is that a way to be thinking about it? No. Because you seem to be... They were aware, but you seem to be saying that the difference... I'm just not figuring... This seems like a very thinly sliced onion, and I'm trying to figure out where precisely you think the problem was. Is it that they literally didn't have a piece of paper that said, just so you know, these guys are our reps, or these guys are our agents? What is it that you're demanding that didn't happen? Your Honor, the SEC and three amicus briefs has opined that Rule 16B-3D... We can read... Put the amicus briefs aside. We can read the statute. You, in answer to my colleague's question and mine, explained why 16B-3 wasn't complied with. Your views on that, based on the text of the statute, would give the big bucks to me. Well, the premise of Rule 16B-3D is that the board is serving a gatekeeping function. Because the board's approval of an issuer inside a transaction provides an exemption under the statute. The board is accountable to make sure that the transaction it is approving is not a vehicle for the kind of speculative abuse that Section 16B was designed to prevent. And I would cite to this court's... That's exactly what we have here. Why wasn't all of that complied with here? Because... What is it they didn't know? The SEC briefs and this court in... What is it that the board of Armistice did not know? They did not know that Armistice was a director by deputization. So, can I... What are you saying when you say that? They knew who these two people were. They knew whose interests they were representing. One of these two men was the chief investment officer of the company. The Vaxotch 30B-6 witness, Mr. Yedid, testified that he did not know, and the board did not know, that Boyd and Maurer had director status and that... His testimony was that as far as the board was concerned, Armistice was a substantial shareholder and that, as such, Boyd and Maurer were interested parties. They had no knowledge that they were directors... They had no knowledge... Yes, that's the testimony in this... ...that these guys just walked in off the street? No, they knew that they were... Because of the ownership of the common stock of Vaxotch by Armistice, they were aware that they were interested parties. Now, the SEC in the amicus brief... Are you saying the board didn't know these folks were also officers of... We're not questioning that they knew that they were interested parties and they were affiliated with... Did they know their positions? They knew their... Well, they knew that they were... They knew that Boyd was a chief financial officer. They knew this. What else did they need to know? He was the chief financial officer. Well, the SEC says they need... For purposes of the exemption, the condition of the exemption is they have to know that they have status as directors by deputization. That's not... Oh, because Armistice has to... Can I just... I need to understand this, because in none of the cases, whether it's a 16B or 16B3 cases, there's some document that says this person is hereby director by deputization. That's a legal label that we ascribe to somebody who bears various characteristics. All right? So we said in Marietta that it was a director by deputization because of the role that they had in the company directing their investments into the... So are you saying that the board has to know that that legal conclusion flows from the facts or does it just have to have the facts that give rise to that legal... Absolutely not. They don't have to understand the legal concept of deputization. They have to know that they're granting an exemption to a director. The 16B-3D... Are you seriously telling us that when the board took this vote, they didn't know what the status of Boyd was? That's the testimony of their 30B6 witness and their CEO.  That's the testimony of... Boyd was the chief investment officer and the other man was... What was his position? That's the testimony of... That's the testimony of a member of the... A 30B6 witness of the board, you did, and of VaxAught's CEO, Latour, that they did not know that they were entering into a transaction with a director... Somebody with director status. With due respect, that argument makes absolutely no sense. We've all asked in three different ways. I'm going to try again. Can you please explain what you think, concretely, had to happen that didn't happen? Do you think they needed a letter? No. Not a letter. Not something in writing. What did not happen? There are many ways in which an insider can assume director by deputization status with the associated fiduciary obligations. They can make a disclosure to the company. That's a writing. They can tell them when they're engaged in a transaction, which, in this case, when they were engaged in the warrant transactions, they could have advised the board. They could have requested that the approval resolution specifically... So everything that comes down to a writing. Or communication. You think there needs to be something in writing. I would implore the court to consider this court's decision in Roth v. Perseus at 522 F3rd 242 at page 247, which is your Honor's opinion, and the amicus brief in that case, which is Perseus' case, which very clearly states... It's interesting that we're looking a lot at amicus briefs in other cases with other facts. There's not an SEC amicus brief in this case suggesting that the SEC agrees with your view that the level of knowledge that they think is required is commensurate with yours. Well, that's what the SEC has said in three amicus briefs. As recent in the Perseus amicus brief in Dreiling back in 2007 and in 2023 in Forrest Ventures in the Ninth Circuit. So in each case, the question is, does this party assume the oblig... The rule is directed to and provides an exemption for offices and directors. And so logically, if this transaction's exempt, then Armistice has to be a director. Are you seriously asking us to entertain the possibility that Boyd and... Mauer. ...came to these board meetings representing, I think, the largest shareholder in this company one of the largest shareholders in this company. They were discussing warrants and changing warrants and the other directors didn't know who they were? They knew who they were, no doubt, but corporate boards have interested representatives on their boards. That doesn't make them directors by deputization. A director by deputization, as your Honor observed in Perseus, have fiduciary obligations and the SEC is simply stating that as a gatekeeping requirement for approval under 16B-3D there has to be knowledge by the board that they're dealing with a director. The rule requires a director. Who is your position? Your contention is who could they possibly think they were dealing with if they weren't dealing with a director? They were dealing with interested people. They're doing business dealings with them all the time. If we were on the board when they came on we would have looked at their resumes we would have looked at the interviews of them, etc., etc. Respectfully, your Honor, they filed director questionnaires which indicated they were joining the board in their individual capacities. There was proxy statements by Vaxot which to the same effect they did not in any respect communicate that they were assuming director by deputization status would with that come fiduciary obligations to the company and the rule Thank you. May it please the court. Douglas Rappaport of Aiken Gump together here with my colleagues Caitlin Shapiro and Michael Chen we represent the Armistice Defendants. District Court properly granted the Armistice Defendants motion for summary judgment holding that the reported stock acquisitions, amendments to warrants were exempt pursuant to Rule 16b-3. So can I ask it seems to me there might be typologies that might help us. Is there a distinction for the purposes of director by deputization, the difference between somebody being an interested party and someone being an agent? I don't think so, your Honor. If you're talking about the equivalent between being a director by deputization or a deputy deputized by a director by deputization and a representative on a board there is no distinction. In fact, in the Feeder case which is cited in our brief, page 266 the court uses the term representative and deputy interchangeably. So your position is that we don't need to figure out whether or not somebody was acting as the difference between an agent or a rep. The second question is what is the appropriate indicia of notice? Does it have to be in writing? Does it have to be assumed by title? Where is the best indicator? Because part of what is happening is there seems to be a lot of discussion that they didn't know that they were doing X. So now we figured out that X could either be represented or an agent. What is it that they needed to know? They needed to know that these two individuals, Dr. Maher and Mr. Boyd, were serving as Armistice's representatives on the Board of Directors of FACTSORG. More than that is not needed. This court in Grill specifically said that an express indication that its approval was intended to invoke the exemption of 16b3 is not necessary. As appellants invoked Robert Yetted, the 30b6 deponent's testimony here, let me go through what Yetted did testify to. Yetted testified that Mr. Boyd and Dr. Maher would be representing the Armistice's interest on the FACTSORG board. That's A96 7822. Yetted also stated Mr. Boyd and Dr. Maher would take Armistice's interest into account while serving on the FACTSORG board. That's also A96. Mr. Yetted further stated Mr. Boyd and Dr. Maher were Armistice's, quote, representatives. A98. Mr. Boyd and Dr. Maher were, quote, extensions of Armistice. A98. Yetted further stated sharing information with Boyd or Maher was the equivalent to sharing the information with Armistice. That's A98, Your Honor, in the Record on Appeal. This is from Yetted's position. If we want to go on, I mean, it's just an overwhelming amount of evidence here that each board member knew that Mr. Boyd and Dr. Maher were serving as representatives. The District Court noted that in addition to everything from the 30B6 witness, the other FACTSORG board members knew that Mr. Boyd and Dr. Maher represented Armistice on the board. They knew that Mr. Boyd and Dr. Maher had joined the board because of Armistice's FACTSORG investments. I have things that I'm struggling with a little bit in this case. You're reading from the Record. When you get to the Rule 56 statements, what you get from the other side is a lot of, I admit that he said that in his deposition, but it doesn't actually mean what you're saying it means. It's hard to then say that's an undisputed fact, but on the other hand, there's not any contra evidence. I don't know if you can speak to that at all. Yeah, I can, Your Honor. I was actually about to get to that. Appellants have conceded in the court below. This was that oral argument. Plaintiff acknowledged that there is quote, no question Mr. Boyd and Dr. Mr. Boyd and Dr. Maher represented Armistice on the board and that the non-Armistice members of the board understood that they represented Armistice's interests. I'm sorry, who's saying that? That was conceded on oral argument in the court below on summary judgment, Your Honor. And the site there is A-1159. But my colleague's question was, they would say that doesn't mean what you guys are saying it means. So tell us why it says it means what you're saying it means. Well, the question, and I don't want to pose a hypothetical here, Your Honor, but the question is, what more could one possibly want than this clear evidence that the board understood that Armistice had representatives on this board? Well, I'm sorry, so does that mean that we have to presume as a matter of law that any entity whose interests are represented on a corporate board of directors necessarily has access to insider information? Not necessarily presume in all cases, Your Honor, but in the face of overwhelming evidence here that that is the case, and moreover, just to... So you wouldn't say that there's something special about Armistice, you would say that there's something unique about the amalgamation of facts that come together. You're not asking us to say a per se rule that just because somebody knows that somebody's interests are represented that means that they have access to insider information. Let me pose it this way, Your Honor. It would be very difficult, if not impossible, for an entity such as Armistice to disclaim director by deputization status given Mr. Boyd's position as the founder, chief investment officer, and portfolio manager at Armistice. That wouldn't work. So given the facts here, could there possibly be a circumstance in which information barriers were created sufficiently to preclude a director from being a deputy in a director by deputization? I guess I could contemplate a circumstance, but that is certainly a very far cry from this case. Can I take us away from the weeds to the big picture? Your colleagues on the other side describe the purpose of the exemption. It was originally recognized as compensatory transactions, but we know in 1996 that limitation went away. But it's still designed to recognize that there are circumstances where the things we would normally be worried about we don't have to worry about when the court approves it. But when there's an allegation that the deal brought $4.5 million of value to Vaxart and $87 million of value to Armistice, does that suggest that what right or wrong application of the exemption in this context isn't actually serving the purposes that 16B is designed to protect against? Not at all, Your Honor. And the reason being is that this was a transaction that took place weeks later after this June 5th transaction. And as a result of that transaction, Armistice did in fact earn a profit there. But this was a deal, don't forget, these are warrants we're talking about. And these warrants the warrant deal was struck in 2019. Well, the warrant deal in 2019 had the blockers that got removed. So essentially this is a new deal that allows them to acquire the warrants without the blockers at least beyond the 9.99%. Respectfully, that's up for debate whether it was a new deal. But Your Honor, what Armistice did here, Armistice provided financing to this company, Vaxart that was trying to come up with an oral vaccine to solve COVID. And they provided that financing. At a certain point, it came out that Vaxart had entered into a government contract and in fact appeared to be a part of the Operation Warp Speed effort. And as a result of that the Vaxart, price of the Vaxart stock went up. Absent that the Vaxart stock may very well have languished and may have well gone down. So the mere fact, the mere numbers here don't alter the central rationale behind 16b-3 as this Court recognized in Grill. First that when the trade is with the issuer any, this is a quote from Grill, any profit obtained is not at the expense of uninformed shareholders and other market participants of the type contemplated by the statute. And the second rationale here is that the trades are approved by the company's board. As also stated in Grill, there exists sufficient protection to ensure that any short swing profit taking that follows is not the result of unfair market manipulation. The last thing I want to touch on, Your Honor, is that appellants talked about the gatekeeping function here. And the drilling case talks about special vigilance. And in fact there was special vigilance taken here in the approval of the warrant amendments. Before approving the warrant amendments and this is noted in the District Court opinion the non-armistice directors had a call with Vaxart's outside counsel without Mr. Boyd and Dr. Maher present precisely because they were considered interested parties and the amendments an interested party transaction. The non-armistice Vaxart board members understood that they were approving amendments with armistice and that Mr. Boyd and Dr. Maher were representing armistice on the Vaxart board. The board ultimately decided to increase the blocker threshold and in doing so the board took into account Mr. Boyd's position at armistice and his influence over armistice's investments. The unanimous written consent provided in the District Court opinion makes this all very clear that this was all above board and the board knew exactly what it was doing vis-a-vis armistice Mr. Boyd and Dr. Maher. The unanimous written consent which is A-295 in the record states Mr. Boyd and Dr. Maher were quote affiliates of armistice capital and therefore interested parties and the amendments were quote interested party transactions I think from the silence up here I'm guessing we have your arguments and I know you've briefed these points so thank you for your arguments and we'll hear one minute from Mr. Vaxart. Thank you Your Honor. I've referred the court to our opening brief at pages 11 to 13 which discusses you did and Mal's status as undisclosed directors by deputization. Can I just ask what is the point you want to make to us? The point is that is that they were undisclosed directors by deputization they had the opportunity they if you engage in short swing transactions you're liable. That's separate and distinct from whether you can No question. No question but defendants have affirmative defense and they have the obligation to establish that they meet the requirements of the exemption and they didn't We were born at night but we weren't born last night. So can I ask did the other directors know that Armistead had access to insider information? They provided restraints upon trading during certain periods and Boyd removed himself from the room when there was confidential information but at the end of the day they have the affirmative defense and Armistead didn't structure this transaction to You just said yes they had access to insider information and everybody knew that right? Boyd was an interested party and the company had guidelines to protect that but the answer is that at the end of the day the board has a gatekeeping obligation to make certain that transactions don't provide an opportunity for speculative abuse in the marketplace. I think we take your argument. Thank you very much. Thank you both. We appreciate your arguments. We'll take it under advisement.